

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EARL VENNINGS JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 2:20-0003-MGL-MGB |
| | § | |
| BEATRICE WHITTEN, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE CASE WITH PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Earl Vennings Jr. (Vennings) brought this 42 U.S.C. § 1983 action against Defendant Beatrice Whitten (Whitten). Vennings is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the case be dismissed with prejudice and without issuance or service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report March 3, 2020, and Vennings filed his objections on March 11, 2020. The Court has fully reviewed the objections, but holds them to be meritless. It will therefore enter judgment accordingly.

On page six of the Report, the Magistrate Judge stated the following:

> Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Report at 6. Nevertheless, Vennings one-page of objections are non-specific and fail to directly address the reasoning in the Report. But, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In such a case, the Court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Vennings's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the case is **DISMISSED WITH PREJUDICE** and without issuance or service of process.

**IT IS SO ORDERED**.

Signed this 16th day of April, 2020, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Vennings is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.